IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | | |
|---|---|---|
| TEKELIA PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 620-053 |
| | ) | |
| WARDEN HELTON HALL, | ) | |
| Jenkins Correctional Center, | ) | |
| | ) | |
| Defendant. | ) | |

_____

| | | |
|---|---|---|
| TEKELIA PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 620-042 |
| | ) | |
| WARDEN HELTON HALL, | ) | |
| Jenkins CCA Private Prison, | ) | |
| | ) | |
| Defendant. | ) | |

_____

**O R D E R**
_____

Plaintiff, incarcerated at Baldwin State Prison in Hardwick, Georgia, has submitted to the Court for filing a complaint brought pursuant to 42 U.S.C. § 1983, and he seeks to proceed *in forma pauperis* ("IFP") in CV 620-053. It appears Plaintiff has submitted the same claims in two separate cases, CV 620-053 and one originally filed in the Middle District of Georgia. See Preston v. Hall, CV 520-140 (M.D. Ga. Apr. 10, 2020). On April 27, 2020, United States District Judge Marc Thomas Treadwell transferred the case filed in

the Middle District to this District, and therefore, the Clerk opened a case in Plaintiff's name. Preston v. Hall, CV 620-042 (S.D. Ga. Apr. 27, 2020).

Upon examination of the complaints in each case, both submitted on a form used by the Middle District of Georgia, Plaintiff raises the same claims about his alleged improper detention at Jenkins Correctional Center from April 10, 2015 through July 4, 2015. Cf. CV 620-042, doc. no. 1 with CV 620-053, doc. no. 1. The complaint in CV 620-053 was filed less than three weeks after the notice of transfer from the original filing in the Middle District of Georgia. Cf. CV 620-042, doc. no. 7 with CV 620-053, doc. no. 1. In the later filed case, Plaintiff raises his requested monetary damages from $1,000,000 to $25,000,000. Cf. CV 620-042, doc. no. 1, p. 6 with CV 620-053, doc. no. 1, p. 6.

Two cases have been opened in Plaintiff's name based on the same events because he sent a complaint to two separate courts, and it appears he mistakenly believed he had to submit a new complaint once he received notice from the Clerk of Court about the transfer from the Middle District to the Southern District of Georgia. Plaintiff has already been granted permission to proceed IFP in the case transferred from the Middle District. See CV 620-042, doc. no. 5. Rather than proceed with two cases, resulting in Plaintiff being responsible for two, $350 filing fees, and to correct an apparent administrative error resulting in two pending cases based on the same events, the Court **DIRECTS** the **CLERK** to file the complaint in CV 620-053 as a supplement to the complaint in CV 620-042, and close CV 620-053. The motion to proceed IFP in CV 620-053 is **MOOT** because Plaintiff has already been granted such permission in CV 620-042. Plaintiff's claims shall proceed in the

normal course of business, subject to the standard frivolity review under 28 U.S.C. § 1915A, in CV 620-042.

SO ORDERED this 1st day of June, 2020, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA