FILED
John E. Triplett, Acting Clerk
United States District Court

By CAsbell at 2:24 pm, Dec 16, 2020

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

TEKELIA PRESTON,

        Plaintiff,

   v.

HELTON HALL,

        Defendant.

CIVIL ACTION NO.: 6:20-cv-42

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Docs. 1, 9. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

## PLAINTIFF'S CLAIMS[1]

Plaintiff is currently incarcerated at Baldwin State Prison. Plaintiff brings this claim under § 1983, claiming he previously was falsely imprisoned at Jenkins Correctional Facility. Doc. 1 at 3. In April 2015, Plaintiff alleges Defendant Helton Hall illegally held him at Jenkins Correctional Facility until releasing him on July 4, 2015. Id. at 4. Plaintiff states he was picked up and transported to Jenkins Correctional Facility after being released from prison in Florida. Id. at 5. Plaintiff filed grievances to attempt to obtain his release but was nonetheless held

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

unlawfully for 87 days. Id. Further, upon his release, he never received his property. Id. This unlawful detention violated Plaintiff's constitutional rights. Id. As relief, Plaintiff requests monetary damages, id. at 6; doc. 9 at 6, as well as immediate release from custody for unrelated charges, doc. 1 at 6.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. §§ 1915A(a), 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555.

**DISCUSSION**

**I.    Plaintiff's Claim is Barred by the Statute of Limitations**

To the extent Plaintiff raises a false arrest or false imprisonment claim against Defendant, such a claim is barred by the applicable statute of limitations. Constitutional claims brought under § 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). Generally, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id.

False arrest and false imprisonment are often referred to together. Wallace v. Kato, 549 U.S. 384, 388–89 (2007). "A claim for false arrest without a warrant accrues 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" White v. Hiers, 652 F. App'x 784, 786 (11th Cir. 2016) (quoting Wallace, 549 U.S. at 388). Because "a false imprisonment consists of detention without legal process, a false imprisonment ends once the plaintiff becomes held pursuant to such process—when, for example, he is bound over by a magistrate or arraigned on charges." Id. (quoting Wallace, 549 U.S. at 389); accord Burgest v. McAfee, 264 F. App'x 850, 852 (11th Cir. 2008); Jones v. Union City, 450 F. App'x 807, 809 (11th Cir. 2011).

Plaintiff states he was falsely imprisoned beginning on April 10, 2015, and was released on July 4, 2015. Doc. 1 at 5. Under applicable law, the two-year statute of limitations began to

3

run, at the very latest, on the date Plaintiff was released from custody—July 4, 2015.  Because Plaintiff did not file his Complaint until April 10, 2020—nearly five years after being released—Plaintiff's Complaint is untimely under Georgia's applicable statute of limitations.  It appears "beyond doubt from the complaint itself that [Plaintiff] can prove no set of facts which would avoid a statute of limitations bar."  Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).  Thus, absent any basis for tolling, Plaintiff's claim is barred by the statute of limitations and should be dismissed.

To be clear, in this case, there is no apparent basis for tolling Plaintiff's claim.  See Bridgewater v. DeKalb County, No. 1:10-cv-1082, 2010 WL 11507266, at *6–8 (N.D. Ga. July 12, 2010) (providing a discussion on the tolling provisions available under Georgia and federal law).  Georgia law provides the limitations period may be tolled in the following circumstances: (1) the party is legally incompetent, O.C.G.A. § 9-3-90; (2) the person becomes legally incompetent after the right accrues, O.C.G.A. § 9-3-91; (3) an estate becomes unrepresented, O.C.G.A. §§ 9-3-92, 9-3-93; (4) the defendant is absent from the State, O.C.G.A. § 9-3-94; (5) one party in a joint action is legally incompetent, O.C.G.A. § 9-3-95; (6) there is fraud by the defendant, O.C.G.A. 9-3-36; (7) there are counterclaims and cross claims, O.C.G.A. § 9-3-37; (8) the party is bringing a medical malpractice claim, O.C.G.A. § 9-3-97.1; (9) a tort arises from a crime, O.C.G.A. § 9-3-99; and (10) there is a non-statutory basis for equitable tolling. Bridgewater, 2010 WL 11507266, at *6 (citing State v. Private Truck Council, Inc., 371 S.Ed.2d 378, 380–81 (Ga. 1988)).

Additionally, there is no basis for non-statutory equitable tolling in this case.  "Georgia's non-statutory doctrine of equitable tolling is extremely narrow," and the only discussion of non-statutory equitable tolling in the Georgia courts is in the context of a class action lawsuit.  See

4

Bridgewater, 2010 WL 11507266, at *7 (citing Hicks v. City of Savannah, No. 4:08-cv-06, 2008 WL 2677128, *2 (S.D. Ga. July 8, 2008), and Private Truck Council of Am., Inc., 371 S.E.2d at 380). Because Plaintiff brings a § 1983 claim and not a class action, the claim is not tolled under Georgia's non-statutory equitable tolling. See Bridgewater, 2010 WL 11507266, at *7 (holding same). Accordingly, I **RECOMMEND** the Court **DISMISS** Plaintiff's claims.

## II.     Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*. Though Plaintiff has not yet filed a notice of appeal, it is proper to address these issues in the Court's order of dismissal. See Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. County of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous and not brought in good faith if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's claims, there are no non-frivolous issues to raise on appeal, and an appeal on these claims would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** Plaintiff's Complaint in its entirety. Because I have recommended dismissal of all of Plaintiff's claims, I also **RECOMMEND** the Court **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal and **DENY** Plaintiff leave to proceed *in forma pauperis* on appeal.

Any objections to this Report and Recommendation shall be filed within 14 days of today's date. Objections shall be specific and in writing. Any objection that the Magistrate Judge failed to address a contention raised in the Complaint must be included. Failure to file timely, written objections will bar any later challenge or review of the Magistrate Judge's factual findings and legal conclusions. 28 U.S.C. § 636(b)(1)(C); Harrigan v. Metro Dade Police Dep't Station #4, No. 17-11264, 2020 WL 6039905, at *4 (11th Cir. Oct. 13, 2020). To be clear, a party waives all rights to challenge the Magistrate Judge's factual findings and legal conclusions on appeal by failing to file timely, written objections. Harrigan, 2020 WL 6039905, at *4; 11th Cir. R. 3-1. A copy of the objections must be served upon all other parties to the action.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A

party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 16th day of December, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA